UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JENNIFER HARDING, JASMINE POGUE,
OMEGA TAYLOR, LOUISIANA STATE
CONFERENCE OF THE NAACP, and
POWER COALITION FOR EQUITY AND
JUSTICE

Civil Action NO. 3:20-cv-00495
-SDD-RLB

v.

JOHN BEL EDWARDS, in his official
capacity as Governor of Louisiana, and KYLE
ARDOIN, in his official capacity as Secretary
of State of Louisiana

### ANSWER OF KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF LOUISIANA, TO FIRST AMENDED COMPLAINT (DOC 22)

NOW INTO COURT, through undersigned counsel, comes Defendant, Kyle Ardoin, in his official capacity as Secretary of State of the State of Louisiana, made defendant herein, who responds to plaintiffs' First Amended Complaint as follows:

### FIRST DEFENSE

This Court lacks subject matter jurisdiction.

### SECOND DEFENSE

Plaintiffs lack standing. Plaintiffs have not suffered an injury in fact, and Plaintiffs' injuries are neither traceable to nor redressable by Defendant Secretary of State.

### THIRD DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted for reasons including but not limited to the face that the allegations on the face of the complaint point

1

to the Virus, and not the State of Louisiana, as the perpetrator of plaintiffs' alleged harms.

### FOURTH DEFENSE

The First Amended Complaint presents non justiciable political questions and fails to state a claim for relief.

### FIFTH DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted under the American with Disabilities Act ("ADA"). (See court ruling in Doc 73 dismissing the ADA claims.)

### SIXTH DEFENSE

Plaintiffs' claims come too late in the election cycle, and therefore should be dismissed under the Supreme Court's *Purcell* doctrine, *Purcell v. Gonzalez*, 549 US 1 (2006).

### SEVENTH DEFENSE

Plaintiffs have failed to join the necessary parties to afford the requested relief and failed to join the required parties under Rule 19.

### EIGHTH DEFENSE

Plaintiffs' claims are barred by judicial estoppel in that plaintiffs have changed position from the claims advanced in *Power Coalition for Equity and Justice, et al. v. Edwards, et al.*, United States District Court, Middle District of Louisiana, Docket No. 20-cv-283.

### NINTH DEFENSE

Plaintiffs' claims fail on the merits.

In answer to the particular allegations of the First Amended Complaint:

2

1.

Defendant, Secretary of State admits the allegations of paragraph 1 of the First Amended Complaint to the extent that WHO declared a pandemic and that the Governor declared a statewide public health emergency. The Secretary of State is without sufficient knowledge to admit or deny the remainder of the allegations in paragraph 1. To the extent a response is required, the allegations are denied.

2.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraph 2 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 2 are denied.

3.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraph 3 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 3 are denied. Further, the Secretary of State is without sufficient knowledge to admit or deny the allegations in the graphic on page three of the First Amended Complaint. To the extent a response is required, the allegations in the graphic are denied.

4.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraph 4 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 4 are denied.

5.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of

paragraph 5 of the First Amended Complaint.  To the extent a response is required, the allegations of paragraph 5 are denied.

6.

The allegations in paragraph 6 of the First Amended Complaint are denied.

7.

The allegations in paragraph 7 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 7 are denied.

8.

The allegations in paragraph 8 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 8 are denied.

9.

The allegations in paragraph 9 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 9 are denied.

10.

The allegations in paragraph 10 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 10 are denied.

11.

The allegations in paragraph 11 of the First Amended Complaint are legal conclusions to

4

which no response is required.  To the extent a response is required, the allegations of paragraph 11 are denied.

12.

For response to the allegations of paragraph 12 of the First Amended Complaint, the Secretary of State responds that the contents of the April 20, 2020, and April 14, 2020, proposed Emergency Election Plans speak for themselves and are the best evidence of their contents; and therefore no response is required.  To the extent a response is required, the allegations of paragraph 12 are denied.

13.

For answer to the allegations of paragraph 13 of the First Amended Complaint, the Secretary of State responds that the content of the April 20, 2020 Emergency Election Plan speaks for itself and is the best evidence of content; and therefore no response is required.  To the extent a response is required, the allegations of paragraph 13 of the First Amended Complaint are denied.  The remaining allegations in Paragraph 13 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

14.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraph 14 of the First Amended Complaint.  To the extent a response is required, the allegations of paragraph 14 of the First Amended Complaint are denied.

15.

The allegations in paragraph 15 of the First Amended Complaint are denied as written.

16.

For answer to the allegations of paragraph 16 of the First Amended Complaint, the Secretary of State responds that the letter referenced in paragraph 16 of the First Amended Complaint is the best evidence of its contents.  The Secretary of State admits that he has not responded formally or in writing to that letter.

17.

The allegations in paragraph 17 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 17 are denied.

18.

The allegations in paragraph 18 of the First Amended Complaint are legal conclusions to which no response is  required.  To the extent a response is required, the allegations of paragraph 18 are denied. The Secretary of State specifically denies that this Court has subject matter jurisdiction.

19.

The allegations in paragraph 19 of the First Amended Complaint are legal conclusions to which no response is  required.  To the extent a response is required, the allegations of paragraph 19 are denied.

20.

The allegations in paragraph 20 of the First Amended Complaint are legal conclusions to which no response is  required.  To the extent a response is required, the allegations of paragraph 20 are denied.

21.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraph 21 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 21 are denied.

22.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraph 22 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 22 are denied.

23.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraph 23 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 23 are denied.

24.

The allegations of paragraph 24 of the First Amended Complaint relate to Omega Taylor, a plaintiff whose claim has been withdrawn by Order of Court. See Doc 75 and Doc 74. Therefore, no answer to the allegations of paragraph 24 is required. To the extent a response is required, the allegations of paragraph 24 are denied.

25.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraphs 25, 26, 27, 28, 29, 30, 31 and 32 of the First Amended Complaint. To the extent a response is required, the allegations of paragraphs 25, 26, 27, 28, 29, 30, 31 and 32 are denied.

26.

With respect to the allegations of paragraph 33 of the First Amended Complaint, Defendant Secretary of State admits that John Bel Edwards is the Governor of Louisiana. The statutes referenced speak for themselves and are the best evidence of their contents.  To the extent a response is required, those allegations are denied. The remaining allegations in  Paragraph 33 are legal conclusions to which no response is  required.  To the extent a response is  required, those allegations are denied.

27.

In response to the allegations of paragraph 34 of the First Amended Complaint, Defendant Kyle Ardoin admits that he is the Louisiana Secretary of State and is being made defendant herein in his official capacity.  The Secretary of State further admits that he is the chief election officer of the state.  The Secretary of State admits his duties set out in the referenced constitutional provisions and statutes, which constitutional provisions and statutes are best evidence of their contents.  The last two sentences of paragraph 34 of the First Amended Complaint are denied and denied as written. Pursuant to La. R.S. 18:401.3, the Secretary of State neither promulgates nor makes final decision on an emergency election plan.

28.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraphs 35 through 48 of the First Amended Complaint.  To the extent a response is required, the allegations of paragraphs 35 through 48 are denied.

29.

For answer to the allegations of paragraph 49 of the First Amended Complaint, the Secretary

8

of State admits that Governor Edwards issued Proclamation No. 25 JBE 2020; that President Trump issued Proclamation No. 9994, 85 Fed. Reg. 15337 on March 18, 2020; and that Governor Edwards issued additional Proclamations. The contents of the referenced Proclamations speak for themselves and are the best evidence of their contents; therefore, no response is required.  To the extent a response is required, the allegations of paragraph 49 are denied.

30.

For answer to the allegations of paragraph 50 of the First Amended Complaint, the Secretary of State admits that Governor Edwards issued Proclamation No. 28 JBE 2020. The content of Proclamation No. 28 JBE 2020 speaks for itself and is the best evidence of its contents; therefore, no response is required.  To the extent a response is required, the allegations of paragraph 50 are denied.

31.

For answer to the allegations of paragraph 51 of the First Amended Complaint, the Secretary of State admits that Governor Edwards issued Proclamation Nos. 33 JBE 2020 and 46 JBE  2020. The contents of those Proclamations speak for themselves and are the best evidence of their contents; therefore, no response is required.  To the extent a response is required, the allegations of paragraph 51 are denied.

32.

For answer to the allegations of paragraph 52 of the First Amended Complaint, the Secretary of State admits that the Louisiana House and Louisiana Senate approved an Emergency Election Plan for the July 11, 2020, and August 15, 2020, elections.  The contents of the Emergency Election Plan speaks for itself and is the best evidence of its contents; therefore, no response is required. To the

extent a response is required, the allegations of paragraph 52 are denied.

33.

For answer to the allegations of paragraph 53 of the First Amended Complaint, the Secretary of State admits that Governor Edwards issued Proclamation No. 52 JBE 2020. The contents of Proclamation No. 52 JBE 2020 speak for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response is required, the allegations of paragraph 53 are denied.

34.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraph 54 of the First Amended Complaint.  To the extent a response is required, the allegations of paragraph 54 are denied.

35.

For answer to the allegations of paragraph 55 of the First Amended Complaint, the Secretary of State admits that Governor Edwards issued Proclamation No. 58 JBE 2020. The content of Proclamation No. 58 JBE 2020 speaks for itself and is the best evidence of its contents;  therefore, no response is required. To the extent a response is required, the allegations of paragraph 44 are denied.

36.

For answer to the allegations of paragraph 56 of the First Amended Complaint, the Secretary of State admits that Governor Edwards issued Proclamation No. 74 JBE 2020. The contents of Proclamation No. 74 JBE 2020 speak for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response is required, the allegations of paragraph 56 are denied.

37.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraphs 57 and 58 of the First Amended Complaint.  To the extent a response is required, the allegations of paragraphs 57 and 58 are denied.

38.

For answer to the allegations of paragraph 59 of the First Amended Complaint, the Secretary of State admits that Governor Edwards issued Proclamation No. 89 JBE 2020. The content of Proclamation No. 89 JBE 2020 speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response is required, the allegations of paragraph 59 are denied.

39.

For answer to the allegations of paragraph 60 of the First Amended Complaint, the Secretary of State admits that Governor Edwards issued press releases on July 21, 2020, and July 23, 2020. The contents of those press releases speak for themselves and are the best evidence of their contents; therefore, no response is required. To the extent a response is required, the  allegations of paragraph 60 are denied. Further, the Secretary of State is without sufficient knowledge to admit or deny the remaining allegations of paragraph 60.  To the extent a response is required, the allegations of paragraph 60 are denied.

40.

The Secretary of State is without sufficient information to admit or deny the allegations of paragraph 61 of the First Amended Complaint.  To the extent a response is  required, the allegations of paragraph 61 are denied.

41.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraphs 62 and 63 of the First Amended Complaint. To the extent a response is required, the allegations of paragraphs 62 and 63 are denied.

42.

For answer to the allegations of paragraph 64 of the First Amended Complaint, the Secretary of State admits that the Governor formed a "Health EquityTask Force." The Secretary of State is without sufficient knowledge to admit or deny the remaining allegations of paragraph 64. To the extent a response is required, the allegations of paragraph 64 are denied.

43.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraph 65 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 65 are denied. Further answering, the data published by the Louisiana Department of Health is the best evidence of its contents, therefore no response is required. To the extent a response to data is required, the allegations of paragraph 65 are denied.

44.

For answer to the allegations of paragraph 66 of the First Amended Complaint, the Secretary of State responds that the census and demographic information referenced in paragraph 66 speaks for itself and is the best evidence of its contents. Therefore no response is required. To the extent a response is required, the allegations of paragraph 66 are denied.

45.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of

paragraph 67 of the First Amended Complaint.  To the extent a response is required, the allegations of paragraph 67 are denied. The data referenced therein and published by the Louisiana Department of Health is the best evidence of its contents; therefore, no response is required.  To the extent a response is required, the allegations of paragraph 67 are denied.

46.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraph 68 of the First Amended Complaint.  To the extent a response is required, the allegations of paragraph 68 are denied.  Further, the content of the census data and demographic information referenced therein speaks for itself and is the best evidence of its contents.  To the extent a response is required, the allegations of paragraph 68 are denied.

47.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraph 69 of the First Amended Complaint.  To the extent a response is required, the allegations of paragraph 69 are denied.

48.

For answer to the allegations of paragraph 70 of the First Amended Complaint, the Secretary of State responds that the content of the CDC guidance speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response is required, the allegations of paragraph 70 are denied.

49.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraph 71, 72, 73 and 74 of the First Amended Complaint.  To the extent a response is required,

the allegations of paragraphs 71, 72, 73 and 74 are denied.

50.

For answers to the allegations of paragraph 75 of the First Amended Complaint, the Secretary of State responds that the content of the CDC guidance speaks for itself and is the best evidence of its contents; therefore, no response is required.  To the extent a response is required, the allegations of paragraph 75 are denied.

51.

The Secretary State is without sufficient knowledge to admit or deny the allegations of paragraphs 76 and 77 of the First Amended Complaint.  To the extent response is required, the allegations of paragraphs 76 and 77 are denied.

52.

The allegations of paragraph 78 of the First Amended Complaint are admitted.

53.

For answer to the allegations of paragraph 79 of the First Amended Complaint, the Secretary of State admits that the  presidential preference primary election was held on July 11, 2020.  The statistical information from the Secretary of State website speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response is required, the allegations of paragraph 79 are denied and denied as written.

54.

For answer to the allegations of paragraph 80 of the First Amended Complaint, the Secretary of State responds that statistical information on the Secretary of State website speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response is

required, the allegations of paragraph 80 are denied and denied as written.

55.

For answer to the allegations of paragraphs 81 through 92 of the First Amended Complaint, the Secretary of State responds that the content of the Louisiana statutes referenced in each paragraph speak for themselves and are the best evidence of content; therefore, no response is required. To the extent a response is required, the allegations of paragraphs 81 through 92 are denied.

56.

The allegations of paragraph 93 of the First Amended Complaint are a conclusion of law and require no answer of the Secretary of State. To the extent a response is required, the allegations of paragraph 93 are denied and denied as written.

57.

For response to the allegations of paragraphs 94, 95 and 96 of the First Amended Complaint, the Secretary of State responds that the contents of La. R.S. 18:401.3 speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response is required, the allegations of paragraphs 94, 95 and 96 are denied.

58.

For answer to the allegations of paragraph 97 of the First Amended Complaint, the Secretary of State responds that his certifications to the Governor and of Governor's Proclamation No. 46 JBE 2020 speak for themselves and are the best evidence of their contents; therefore, no response is required. To the extent a response is required, the allegations of paragraph 97 are denied and denied as written.

59.

For answer to the allegations of paragraph 98 of the First Amended Complaint, the Secretary of State responds that the video and/or transcript of the referenced legislative hearing would be the best evidence of contents; therefore, no response is required.  To the extent a response is required, the allegations of paragraph 98 are denied and denied as written.  Insofar as paragraph 98 contains a conclusion of law, no response is required.

60.

For response to the allegations of paragraph 99 of the First Amended Complaint, the Secretary of State admits that the Secretary of State proposed a revised Emergency Election Plan on April 20, 2020, that pertained to only the July and August elections.  Further answering, the Secretary of State responds that the plan itself is the best evidence of its contents.  To the extent a response is required, the allegations of paragraph 99 are denied.

61.

The allegations of paragraph 100 of the First Amended Complaint are admitted.

62.

For answer to the allegations of paragraphs 101 and 102 of the First Amended Complaint, the Secretary of State responds that the content of the April 27, 2020, Emergency Election Plan speaks for itself and is the best evidence of its content; therefore no response is required.  To the extent a response is required, the allegations of paragraphs 101 and 102 are denied and denied as written.

63.

For answer to the allegations of paragraph 103 of the First Amended Complaint, the Secretary

of State responds that the content of the COVID-19 Emergency Absentee Ballot speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response is required, the allegations of paragraph 103 are denied and denied as written.

64.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of the first two sentences of paragraph 104 of the First Amended Complaint. To the extent a response is required, the allegations of the first two sentences of paragraph 104 are denied. The allegations of the last sentence of paragraph 104 are denied.

65.

The allegations in paragraph 105 of the First Amended Complaint are denied.

66.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraph 106 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 106 are denied.

67.

The allegations in paragraph 107 of the First Amended Complaint are denied.

68.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of the three sentences of paragraph 108 of the First Amended Complaint. To the extent a response is required, the allegations of the first three sentences of paragraph 108 are denied. Further answering, the allegations of the last sentence of paragraph 108 are denied.

69.

The allegations in Paragraph 109 of the First Amended Complaint are denied.

70.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraph 110 of the First Amended Complaint.  To the extent a response is required, the allegations of paragraph 110 are denied.

71.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of the second sentence of paragraph 111 of the First Amended Complaint.  To  the extent a response is required, the allegations of the second sentence of paragraph 111 are denied.  Further, the remaining allegations in Paragraph 111 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations of the first sentence of paragraph 111 are denied.

72.

The allegations of paragraph 112 of the First Amended Complaint are denied.

73.

The allegations in paragraph 113 of the First Amended Complaint are denied.  With respect to references therein to other paragraphs of the First Amended Complaint, see responses herein to these other referenced paragraphs.

74.

The allegations in paragraph 114 of the First Amended Complaint are denied.

75.

The allegations of paragraph 115 of the First Amended Complaint contain conclusory statements; and are denied and denied as written.

76.

The allegations in paragraph 116 of the First Amended Complaint are denied and denied as written.

77.

For answer to the allegations of paragraph 117 of the First Amended Complaint, the Secretary of State responds that the contents of the April 27, 2020, Emergency Election Plan speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response is required, the allegations of paragraph 117 is denied. The allegations of the last sentence of paragraph 117 are denied and denied as written.

78.

The allegations of paragraph 118 of the First Amended Complaint require no response.

79.

The allegations in paragraphs 119 through 122 of the First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraphs 119 through 122 are denied.

80.

The allegations of paragraph 123 of the First Amended Complaint require no answer.

81.

The allegations in paragraphs 124 through 126 of the First Amended Complaint are legal

19

conclusions to which no response  is required.  To the extent a response is required, the allegations of paragraphs 124 through 126 are denied.

82.

The allegations in paragraph 127 of the First Amended Complaint require no answer.

83.

The allegations in paragraphs 128 through 135 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraphs 128 through 135 are denied.

84.

The allegations in paragraph 136 of the First Amended Complaint require no response.

85.

The allegations in paragraphs 137 and 138 of the First Amended Complaint are legal conclusions to which no response  is required.  To the extent a response is required, the allegations of paragraphs 137 and 138 are denied.

86.

The Secretary of State is without sufficient knowledge to admit or deny the allegations of paragraph 139 of the First Amended Complaint.  To the extent a response is required, the allegations of paragraph 139 are denied.

87.

The allegations in paragraphs 140, 141, 142 and 143 of the First Amended Complaint are denied.

88.

The allegations in paragraph 144 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 144 are denied.

**WHEREFORE**, Defendant, Kyle Ardoin, the Secretary of State of Louisiana, prays that this Answer be deemed and sufficient and that after all due legal delays, that judgment be rendered herein in favor of defendant, Kyle Ardoin, in his official capacity as Louisiana Secretary of State, and against plaintiffs, Jennifer Harding, Jasmine Pogue, Omega Taylor, Louisiana State Conference of the NAACP, and Power Coalition for Equity and Justice, dismissing plaintiffs' case against Defendant Ardoin with prejudice and at plaintiffs' costs.  Defendant, Kyle Ardoin, in his official capacity as Secretary of State of Louisiana, further prays for all full, general and equitable relief, including but not limited to the recovery of attorney fees incurred in defending this matter, as well as all litigation expenses and costs.

Respectfully Submitted:


s/Celia R. Cangelosi
CELIA R. CANGELOSI
Bar Roll No. 12140
5551 Corporate Blvd., Suite 101
Baton Rouge, LA 70808
Telephone: (225) 231-1453
Facsimile: (225) 231-1456
Email:  celiacan@bellsouth.net

*Attorney for Defendant, Kyle Ardoin, Secretary of State of Louisiana*

21